AUDREY STRAUSS
United States Attorney for
the Southern District of New York
By: Alexander J. Wilson
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2453

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
UNITED STATES OF AMERICA,             :    VERIFIED COMPLAINT FOR
                                           FORFEITURE
              Plaintiff,              :
                                      :    20 Civ.
       v.                             :
                                           ECF case
$12,000 IN UNITED STATES CURRENCY,    :

              Defendant-*in-rem*.     :

------------------------------------- x

Plaintiff United States of America, by its attorney, Audrey Strauss, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

### I.   JURISDICTION AND VENUE

1.   This is a civil action *in-rem* commenced by the United States of America seeking the forfeiture of $12,000 in United States currency (the "Defendant Currency") seized on or about December 21, 2020. The Defendant Currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6), as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled

substance and all proceeds traceable to such an exchange, or intended to be used to facilitate any violation of Subchapter 1, Chapter 13 of Title 21 of the United States Code.

2. The Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper under Title 28, United States Code, Sections 1355(b) and 1395, because acts and omission giving rise to the forfeiture took place in the Southern District of New York and the Defendant Currency was seized in the Southern District of New York.

4. The Defendant Currency is presently in the custody of the United States Postal Service, Southern District of New York.

## II. PROBABLE CAUSE FOR FORFEITURE

5. Prior investigations and narcotics trafficking intelligence have demonstrated that United States Priority Mail Express and United States Priority Mail have become common methods by dealers of narcotics for the transportation of narcotics and narcotics proceeds. Often, parcels of controlled substances destined for delivery in New York originate from specific source locations, including but not limited to California, and payment for such controlled substances are sent via United States Priority Mail Express and United States Priority Mail back to the same locations.

6. On or about December 9, 2020, employees of the United States Postal Service ("USPS") at a USPS facility in New York identified a suspicious package (the "Parcel") that had been mailed from a facility in New York.

7. The Parcel had been mailed on December 8, 2020 with a handwritten return address and a handwritten recipient address from the Main Post Office in Hyde Park, New York (the "Post Office"). The tracking number associated with the Parcel was recorded by the USPS

employees, who alerted Investigators of the United States Postal Inspection Service ("USPIS") of the Parcel.

8. The Parcel was a large white Priority Express cardboard box with an Express Mail label. The Parcel was approximately 11.25" x 8.5" x 8.5" inches and weighed approximately 2 pounds 4 ounces. The amount of postage $57.65, was paid in cash. The Parcel had a handwritten label with the recipient address of a business in California, as follows: "Cali Kicks, P.O. Box 18448, Anaheim, CA 92817." The sender's address was written as: "M.Buonaiuto, 26 Thornwood Drive, Poughkeepsie, New York, 12603." There have been three previous Express Mail parcels, similar in weight and size mailed and addressed from the same sender to the same recipient in the three months preceding this event, on October 21, 2020, October 5, 2020 and September 25, 2020.

9. Based on suspicious characteristics consistent with parcels used for narcotics trafficking, a USPS employee alerted Investigators of the United States Postal Inspection Service ("USPIS") to the Parcel, and they secured the Parcel from the mail stream at the USPS facility in New York.

10. On or about December 16, 2020, USPIS Inspectors met with a New York City Police Department Officer (the "NYPD Officer"), who was a certified narcotics detection canine handler. The NYPD Officer exposed the Parcel to his trained canine "Lindsay" for exterior inspection and review. Lindsay gave a positive alert for the presence of the odor of controlled substances from the Parcel.[1]

---

[1] Lindsay is a Belgian Malinois, who was originally certified as a narcotics detection canine after completing certification with the State of New York Police Academy in April 2019. Lindsay was certified to detect the odors of crack, cocaine, heroin, ecstasy, methamphetamines, MDMA and their derivatives. During Lindsay's training and in order to be certified, she was subjected to numerous objects, both containing and not containing narcotics. She is trained to differentiate

11. On or about December 17, 2020, a woman by the name of Jerillee Castillo contacted the Postal Inspectors by telephone to inquire about the Parcel. She told the Inspector that her mother-in-law had passed away from Covid and that the package contained cash. She said that her friend "Mike" held a fundraiser to help pay for the funeral expenses and that he sent her the money. She did not know how to spell Mike's last name. When asked why she didn't use a check or electronic service like PayPal, she did not have an answer. She stated that her husband runs a business named Cali-Kicks which sells popular collector shoes. She provided an email contact linked to a "Chad Perkins."

12. Based on a review of commercially available databases and information obtained by law enforcement, there is no "Mike" associated with the sender's address in Poughkeepsie. A similar review of Chad Perkins reveals an association with "Tetra Hydro Cannabinol" and "Nature's Healing Center, Inc."

13. Based in part on the foregoing information, on or about December 18, 2020, the Honorable Robert W. Lehrburger, United States Magistrate Judge for the Southern District of New York, issued a search warrant for the Parcel based on probable cause to believe that it contained evidence, fruits and instrumentalities of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841 and 846.

14. On or about December 21, 2020, USPIS Investigators executed the search warrant and the inspection of the Parcel revealed the following:

---

between them and to give a positive indication or alert if she detects the odors of narcotics. Since that time, Lindsay has received numerous additional hours of training, and has been used regularly to detect narcotics odors from automobiles, packages, residences, suitcases and other items. On numerous occasions, she has successfully given positive indications of narcotics in the field in the past and has generally proven reliable in the field.

        a.       Upon opening the Parcel, investigators first observed it was filled with biodegradable packing peanuts used as fillers, and bubble wrap. Inside the bubble wrap were two large brown envelopes, each of which contained currency in vacuum sealed bags and secured by rubber bands and wrapped in heat sealed clear plastic wrap.

        b.       This packaging is consistent with common methods used by narcotics traffickers to try to conceal the currency, and to mask or prevent odors from escaping.

        c.       The amount of currency found inside the envelopes together totaled $12,000.00, the Defendant Currency, consisting mainly of twenties.

15.       There were no notes, receipts or messages inside the Parcel. Individuals who traffic in narcotics rarely include any type of instruction with their proceeds, unlike legitimate businesses or gifts, whose note, letter, card, receipt or coupon is typically included with cash or monetary instruments.

16.       Based on the foregoing, there is probable cause to believe the Defendant Currency is subject to forfeiture.

### III.   CLAIM FOR FORFEITURE

17.       Incorporated herein are the allegations contained in paragraphs one through nineteen of this Complaint.

18.       Pursuant to Title 21, United States Code, Section 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

19. The Defendant Currency is therefore subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

20. By reason of the above, the Defendant Currency became, and is, subject to forfeiture to the United States, pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
May 3, 2021

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By: _____
Alexander J. Wilson
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel No. (212) 637-2453

## DECLARATION OF VERIFICATION

ROBERT BROWN, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that he is an Inspector with the United States Postal Inspection Service, assigned to the New York Division Contraband Interdiction and Investigations Team; that he has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of his knowledge, information and belief; and that the sources of his information and the grounds of his belief are his personal involvement in the investigation, and conversations with and documents prepared by law enforcement officers and others.

Executed on May 3, 2021

_____
ROBERT BROWN
Inspector
United States Postal Inspection Service